FILED BY KS D.C.

DEC 14 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. __21-20151-CR-ALTMAN(s)__
21 U.S.C. § 963
21 U.S.C. § 959(a)
21 U.S.C. § 952(a)
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21 U.S.C. § 853

UNITED STATES OF AMERICA

vs.

MIGUEL ANDRES GUTIERREZ DIAZ,
    a/k/a "Mickey,"
ENDY DE JESUS NUNEZ MARMOL,
    a/k/a "El Fuerte," and
DANNY NUNEZ MARMOL,

    **Defendants.**

    _____/

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1

Beginning as early as in and around 2014 and continuing through in and around 2020, the exact dates being unknown to the Grand Jury, in Miami-Dade, Broward, and Monroe Counties, in the Southern District of Florida, and in the countries of the Dominican Republic and Colombia, and elsewhere, the defendants,

MIGUEL ANDRES GUTIERREZ DIAZ,
    a/k/a "Mickey,"
ENDY DE JESUS NUNEZ MARMOL,
    a/k/a "El Fuerte," and
DANNY NUNEZ MARMOL,

did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to distribute a controlled substance in Schedule II, intending, knowing, and having reasonable cause to believe that such controlled substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a); all in violation of Title 21, United States Code, Section 963.

It is further alleged that the controlled substance involved in the conspiracy attributable to the defendants, as a result of their conduct and the conduct of other conspirators reasonably foreseeable to them, is five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 960(b)(1)(B).

## COUNT 2

Beginning as early as in and around 2014 and continuing through in and around 2020, the exact dates being unknown to the Grand Jury, in Miami-Dade, Broward, and Monroe Counties, in the Southern District of Florida, and elsewhere, the defendants,

**MIGUEL ANDRES GUTIERREZ DIAZ,**
a/k/a "Mickey,"
**ENDY DE JESUS NUNEZ MARMOL,**
a/k/a "El Fuerte," and
**DANNY NUNEZ MARMOL,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to import into the United States, from a place outside thereof, a controlled substance, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963.

It is further alleged that the controlled substance involved in the conspiracy attributable to the defendants, as a result of their conduct and the conduct of other conspirators reasonably foreseeable to them, is five (5) kilograms or more of a mixture and substance containing a

detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 960(b)(1)(B).

## COUNT 3

Beginning as early as in and around 2014 and continuing through in and around 2020, the exact dates being unknown to the Grand Jury, in Miami-Dade, Broward, and Monroe Counties, in the Southern District of Florida, and elsewhere, the defendants,

**MIGUEL ANDRES GUTIERREZ DIAZ,**
a/k/a "Mickey,"
**ENDY DE JESUS NUNEZ MARMOL,**
a/k/a "El Fuerte," and
**DANNY NUNEZ MARMOL,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

It is further alleged that the controlled substance involved in the conspiracy attributable to the defendants, as a result of their conduct and the conduct of other conspirators reasonably foreseeable to them, is five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii).

## FORFEITURE ALLEGATIONS

1.     The allegations of this Superseding Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **MIGUEL ANDRES GUTIERREZ DIAZ,**

a/k/a "Mickey," **ENDY DE JESUS NUNEZ MARMOL,** a/k/a "El Fuerte," and **DANNY NUNEZ MARMOL,** have an interest.

2.  Upon conviction of a violation of Title 21, United States Code, Sections 846 and/or 963, as alleged in this Superseding Indictment, the defendants shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense, and any property that was used or intended to be used, in any manner or part, to commit or to facilitate the commission of, such offense, pursuant to Title 21, United States Code, Section 853.

All pursuant to Title 21, United States Code, Sections 853 and 970.

A TRUE BILL

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

_____
ELLEN D'ANGELO
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

MIGUEL ANDRES GUTIERREZ DIAZ, et al.,

_____Defendants/

CASE NO. 21-20151-CR-ALTMAN(s)

**CERTIFICATE OF TRIAL ATTORNEY***

Superseding Case Information:

**Court Division:** (Select One)
- [✓] Miami
- [ ] Key West
- [ ] FTL
- [ ] WPB
- [ ] FTP

New defendant(s)    [ ] Yes   [✓] No
Number of new defendants   0
Total number of counts    3

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.
3. Interpreter: (Yes or No) **Yes**
   List language and/or dialect **Spanish**
4. This case will take **14** days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days      [ ]
   - II   6 to 10 days     [ ]
   - III  11 to 20 days    [✓]
   - IV   21 to 60 days    [ ]
   - V    61 days and over [ ]

   (Check only one)
   - Petty        [ ]
   - Minor        [ ]
   - Misdemeanor  [ ]
   - Felony       [✓]

6. Has this case previously been filed in this District Court? (Yes or No) **Yes**
   If yes: Judge **Roy K. Altman**   Case No. **21-20151-CR-ALTMAN**
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **No**
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of **5/18/2021**
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**
8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? (Yes or No) **No**
9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

_____
ELLEN D'ANGELO
Assistant United States Attorney
Court ID No.    A5502579

*Penalty Sheet(s) attached                                            REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** MIGUEL ANDRES GUTIERREZ DIAZ

**Case No:** 21-20151-CR-ALTMAN(s)

Count #: 1

Conspiracy to distribute cocaine intending, knowing, and having reasonable cause to believe that it would be unlawfully imported into the United States

Title 21, United States Code, Section 963

**\*Max. Penalty:** Life Imprisonment

Count #: 2

Conspiracy to import cocaine into the United States

Title 21, United States Code, Section 963

**\*Max. Penalty:** Life Imprisonment

Count #: 3

Conspiracy to possess with intent to distribute cocaine

Title 21, United States Code, Section 846

**\*Max. Penalty:** Life Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ENDY DE JESUS NUNEZ MARMOL

**Case No:** 21-20151-CR-ALTMAN(s)

Count #: 1

Conspiracy to distribute cocaine intending, knowing, and having reasonable cause to believe that it would be unlawfully imported into the United States

Title 21, United States Code, Section 963

*__Max. Penalty:__ Life Imprisonment

Count #: 2

Conspiracy to import cocaine into the United States

Title 21, United States Code, Section 963

*__Max. Penalty:__ Life Imprisonment

Count #: 3

Conspiracy to possess with intent to distribute cocaine

Title 21, United States Code, Section 846

*__Max. Penalty:__ Life Imprisonment

\*__Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** DANNY NUNEZ MARMOL

**Case No:** 21-20151-CR-ALTMAN(s)

Count #: 1

Conspiracy to distribute cocaine intending, knowing, and having reasonable cause to believe that it would be unlawfully imported into the United States

Title 21, United States Code, Section 963

**\*Max. Penalty:** Life Imprisonment

Count #: 2

Conspiracy to import cocaine into the United States

Title 21, United States Code, Section 963

**\*Max. Penalty:** Life Imprisonment

Count #: 3

Conspiracy to possess with intent to distribute cocaine

Title 21, United States Code, Section 846

**\*Max. Penalty:** Life Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**