IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-20151-CR-ALTMAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MIGUEL ANDRES GUTIERREZ DIAZ,
    a/k/a "Mickey",

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS OR FOR IMMEDIATE TRANSFER AND HOSPITALIZATION OF DEFENDANT

The Defendant, MIGUEL ANDRES GUTIERREZ DIAZ, by and through undersigned counsel and pursuant to 18 U.S.C. § 4241(d)(1), respectfully moves this honorable Court to dismiss this matter with prejudice due to the Attorney General's failure to hospitalize the Defendant for treatment in a suitable facility within the maximum four (4) month period provided by statute, or in the alternative, order that the government admit the Defendant to a hospital within seven (7) days as the Ninth Circuit did in *U.S. v. Donnelly*, No. 22-30081, 2022 WL 2901249, at *11. As grounds therefore, the Defendant states as follows:

### BACKGROUND

1.    On May 12, 2022, the Defendant was determined incompetent under 18 U.S.C. § 4241(d)(1) and committed to the custody of the Attorney General by this Court's Order (DE 98).

2.    As of the date of this motion – and nearly five (5) months since the date of this Court's Order on May 12, 2022, the Defendant has yet to be moved from the Federal Detention Center in Miami (FDC Miami) since he was committed to the custody of the Attorney General.

CASE NO.: 21-20151-CR-ALTMAN

3. The Bureau of Prisons (BOP) has responded to the parties' inquiries regarding the Defendant's commitment by indicating that there is a lack of bed space at its treatment facilities and that the Defendant is on a waiting list to be moved to a treatment facility once a spot becomes available (DE 138).

4. On September 12, 2022, due to the pending expiration of the original four-month hospitalization deadline, the parties' renewed their request for the Court to enter an order committing the Defendant to the custody of the Attorney General for competency restoration for a period not to exceed four (4) months in the parties' Joint Status Report (DE 138).

## MEMORANDUM OF LAW

**I. LEGAL STANDARD**

18 U.S.C. § 4241(d)(1) provides:

(d) Determination and Disposition – If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility –

(1) for such reasonable period of time, ***not to exceed four months***, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

(2) for an additional reasonable period of time until–

  (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or

  (B) the pending charges against him are disposed of according to law;

  whichever is earlier.

> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

(Emphasis added).

The Fifth Amendment to the United States Constitution states that "[n]o person shall be… deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. amend. V.

A criminal defendant who may not be competent to stand trial and committed " solely on account of his incapacity to proceed to trial cannot be held more than the reasonable time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future." *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). "[D]ue process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Id.*

An indictment may be dismissed with prejudice under either of two theories. *U.S. v. Chapman*, 524 F.3d 1073, 1084 (9th Cir. 2008). First, a district court may dismiss an indictment on the ground of outrageous government conduct if the conduct amounts to a due process violation. *Id.* Second, if the conduct does not rise to the level of a due process violation, the court may nonetheless dismiss under its supervisory powers. *Id. citing U.S. v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991). A district court may exercise its supervisory power "to implement a remedy for the violation of a recognized statutory or constitutional right…." *Chapman* at 1085 *citing U.S. v. Simpson*, 927 F.2d 1088, 1090 (9th Cir. 1991).

Courts have held that the Attorney General's detention of a Defendant after commitment on a four-month pre-hospitalization delay "falls outside any constitutional reading of the statute." *See U.S. v. Donnelly*, No. 22-30081, 2022 WL 2901249, at *5. In doing so, the Ninth Circuit noted that the remedy of dismissal could be an appropriate remedy if the hospitalization does not occur

within a constitutionally allowed time frame. *Id.* at *10. Importantly, Judge Watford, in his concurring opinion highlighted the idea that lack available beds is an insufficient excuse: "[T]he BOP's bureaucratic failure to allocate adequate agency resources to meet demand or competency evaluations is not, of course, a legitimate excuse for failing to comply with the four-month time limit Congress imposed in § 4241(d)(1)." *Id.* at *14. The concurrence also noted that "[e]ven when the BOP itself lacks available bed space, it can contract with another entity to hospitalize defendants committed to the Attorney General's custody." *Id.*

Pursuant to 18 U.S.C. § 4241(d)(1), once a defendant is found incompetent, the Attorney General shall hospitalize the defendant for treatment in a suitable facility for such reasonable period of time, not to exceed four months. "The statute limits confinement to four months, whether more time would be reasonable or not." *U.S. v. Donofrio*, 986 F.3d 1301, 1303 (11th Cir. 1990). In analyzing the time limit contained within 18 U.S.C. § 4241(d)(1), the Ninth Circuit addressed the issue that arises where defendants are not immediately hospitalized by the Attorney General once committed under the statute. *U.S. v. Donnelly*, No. 22-30081, 2022 WL 2901249.

In *Donnelly*, the defendant was held in ***pre***-hospitalization custody of the Attorney General for more than the maximum period Congress authorized for the entire length of a defendant's hospitalization. *Id.* at 7*. The Ninth Circuit found that amount of pre-hospitalization delay to be a clear violation of 18 U.S.C. § 4241(d)(1). In doing so, the Ninth Circuit noted that the Attorney General's detention of a Defendant after commitment on a four-month pre-hospitalization delay "falls outside any constitutional reading of the statute." *Id.* at *5. Once the Ninth Circuit determined the violation occurred, it determined that the next issue for it to decide was whether the remedy of dismissal could be an appropriate remedy if the hospitalization does not occur within a constitutionally allowed time frame. Id. at *10. The Ninth Circuit ultimately decided the

appropriate remedy was to order the Attorney General to hospitalize the defendant within seven (7) days. *Id.* at 11*. The Ninth Circuit went on to note that should the Attorney General 'fail to comply with the district court's order on remand, that court may consider whether such a failure-layered on top of the existing statutory violation leaves available "no lesser remedial action" than dismissal." *Id.* at 10* *citing U.S. v. Bundy*, 968 F.3d 1019, 1031 (9th Cir. 2020).

## II. ARGUMENT

A. <u>The Defendant has been detained for evaluation and treatment by the Attorney General in pre-hospitalization delay which exceeds the term of hospitalization authorized by statute in clear violation of his statutory and constitutional rights.</u>

The failure of the Attorney General to find a suitable facility for the Defendant after almost five (5) months of his commitment violates the Defendant's statutory and constitutional rights.

Here, the amount of time the Defendant has been confined in pre-hospitalization delay clearly falls outside any constitutional reading of 18 U.S.C. § 4241(d)(1). The almost five-month ***pre***-hospitalization delay since the Defendant was found incompetent and committed to the custody of the Attorney General exceeds the four-month hospitalization limit authorized by Congress. Similar to the defendant in *Donnelly*, the Defendant in this case is faced with a clear violation of the statute, leaving the only issue remaining as what is the appropriate remedy. The factual similarity between *Donnelly* and the instant case warrants the same analysis and conclusion to apply in this case—hospitalize the Defendant within seven (7) days or order dismissal for violation of the Defendant's Due Process rights.

Each day the Defendant remains in pre-hospitalization confinement limbo at FDC Miami infringes further on his statutory and constitutional rights. The BOP's excuse that there is a lack of bed space at its treatment facilities and that the Defendant is on a waiting list to be moved to a

treatment facility once a spot becomes available is insufficient to avoid infringing upon the Defendant's Due Process rights.

For these reasons, the Defendant requests the same remedy as the defendant in *Donnelly* and respectfully requests that this court order the Attorney General to hospitalize him within seven (7) days. Should the Attorney General fail to comply with this Court's order while there is an existing statutory violation, then the Defendant requests that the Court consider dismissal.

WHEREFORE, in accordance with the Ninth Circuit in *U.S. v. Donnelly*, No. 22-30081, 2022 WL 2901249, at *11, the Defendant, MIGUEL ANDRES GUTIERREZ DIAZ, respectfully requests that this honorable Court grant this Motion and enter an Order directing the Attorney General to immediately transfer the Defendant to a hospital within seven (7) days, or grant this Motion to Dismiss *with prejudice* and enter an Order dismissing all the Counts within the Indictment based on the government's unequivocal violation of the Defendant's statutory and constitutional rights under 18 U.S.C. § 4241(d)(1), the Fifth Amendment to the United States Constitution, and the Defendant's Due Process Rights, and grant all other relief deemed just and proper.

Respectfully Submitted,

s/ *Dennis N. Urbano*
**DENNIS N. URBANO**
Florida Bar No. 221872
*Counsel for Miguel Andres Gutierrez Diaz*
11440 N. Kendall Drive, Penthouse 400
Miami, Florida 33176
(305)595-2400

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 7, 2021, a copy of the foregoing document was electronically filed with the Clerk of Court for the Southern District of Florida using the Court's

CASE NO.: 21-20151-CR-ALTMAN

CM/ECF filing system, which will provide a copy of the motion to counsel for the United States Attorney's Office on the attached Service List.

BY:  s/ *Dennis N. Urbano*
**DENNIS N. URBANO**
Florida Bar No. 221872

## SERVICE LIST

Ellen D'Angelo, Esq.
Assistant United States Attorney
United States Attorney's Office
for the Southern District of Florida
99 Northeast 4th Street
Miami, FL 33132-2111
(305)961-9349
Ellen.d'angelo@usdoj.gov

Richard R. Getchell, Esq.
Assistant United States Attorney
United States Attorney's Office
for the Southern District of Florida
11200 N.W. 20th Street
Miami, Florida 33172
(305)715-7647
Richard.getchell@usdoj.gov